IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
GEORGIA MACON DIVISION

DONALD J. BRUN

    *Plaintiff,*

vs.

CASE NO.: 5:26-CV-25-CAR

JERSTASHIA A. SIMS, ENTERPRISE
LEASING COMPANY – SOUTH CENTRAL,
LLC, XYZ CORPORATIONS 1-3, AND
JOHN DOES 1-3,

    *Defendants.*

---

## PROTECTIVE ORDER

---

** THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL
PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED
IN THE STIPULATED ORDER SUBMITTED TO THE COURT.**

The Court **GRANTS** the Parties' Joint Motion for Protective Order [Doc. 7].

It being represented to the Court that the Plaintiff, Donald J. Brun, has requested documents from Defendant Enterprise Leasing Company – South Central, LLC ("Enterprise") which involve trade secrets, confidential research, proprietary materials, and development and/or commercial information belonging to Enterprise; and it being represented to the Court that Enterprise is willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions;

It is hereby ORDERED that:

1.      Enterprise will disclose documents that it designates "Confidential and Proprietary" to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow:

2.      In good faith, Enterprise may designate all or any portion of records and/or things it produces formally or informally to other parties to this litigation as **confidential material**. The designation of **confidential material** shall be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: "**confidential**" or "**confidential material**." **Confidential material** will be Bates stamped, if appropriate. All records and things designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order of Confidentiality until further order by the Court. Any and all records, documents, and materials designated **"confidential"** and the contents thereof shall be maintained in confidence by counsel for Plaintiff and Enterprise in the above-captioned litigation.

3.      Any and all of the aforesaid materials disclosed by Enterprise and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

4.      No person who examines any document produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order or as otherwise ordered by the Court.

5.      Counsel for Plaintiff and counsel for Enterprise in the above-captioned litigation may permit an expert or experts hired by them in the above-captioned litigation to review the documents subject to this Protective Order, but Plaintiff must first obtain from said experts the expert's agreement to comply with every element of this Protective Order. Said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity.

6.      Persons authorized to review documents, include the following:

(a)      the Court, the Producing Party, partners and associates in the law firms appearing of record in this action, including secretaries and paralegals.

(b)      Counsel for Plaintiff, and employees of the parties assisting Counsel for Plaintiff in the preparation of the case;

(c)      any person who is expressly retained or is being considered for retention by counsel for the parties in the above action to assist counsel in the litigation;

(d)      persons noticed for deposition or potential witnesses at the trial of the captioned matter;

(e)    court reporters and videographers at depositions in this matter;

(f)    any third-party neutral or mediator; and

(g)    insurers and claims representatives of any Defendant.

7.    Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege, and materiality.

8.    Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

9.    If Plaintiff challenges any confidentiality designation, the parties must attempt to resolve the dispute privately, before involving the Court.

10.    If any materials designated as confidential are to be filed with the Court, they must be filed provisionally under seal, and any party seeking to seal the records permanently must file a motion to that effect.

11.    At the conclusion of this lawsuit by settlement, jury verdict, non-suit, dismissal, judgment order or otherwise, and upon request by Enterprise, all of Enterprise's materials, including any and all copies, or renditions made from the

materials, shall be returned to Enterprise's counsel within thirty (30) days. However, counsel for Plaintiff is permitted to retain any and all work product.

12.    A breach of the terms of this Order may result in sanctions, in the discretion of the Court.

13.    **ADDED BY THE COURT:** The Court finds that good cause exists for the entry of this order with the following condition: Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.  If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial.  The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion.  The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are

covered by this discovery protective order.

**SO ORDERED** this 9th day of July, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT